IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

SERGIO CRUZ-CHOC,
JOSE LUIS GOMEZ-DOMINGUEZ,
ABRAHAM HERNANDEZ-AMARO,
MAYNOR DAVID GAILLEN-BARRERA,
FRAN DANIEL MENDEZ-GUNERO,
MARCO ANTONIO NAVARRO-CORONA,
LUIS ENRIQUE PENA-GARCIA,
JOSE EDUARDO RIVERA-ROJAS,
GUIBER TORRES-ESCOBAR,
MANUEL TZUC-TZEP

           Petitioners,

v.                               CIVIL ACTION NO.   2:26-cv-00136

CHRISTOPHER MASON, et al.,

           Respondents.

**ORDER TO SHOW CAUSE AND ORDER TO SEVER**

On February 24, 2026, ten Petitioners filed one Verified Petition for Writ of Habeas Corpus, [ECF No. 1], pursuant to 28 U.S.C. § 2241. Petitioners Sergio Cruz-Choc (Guatemala), Jose Luis Gomez-Dominguez (Honduras), Abraham Hernandez-Amaro (Mexico), Maynor David Gaillen-Barrera (Honduras), Fran Daniel Mendez-Gunero (Honduras), Marco Antonio Navarro-Corona (Mexico), Luis Enrique Pena-Garcia (Mexico), Jose Eduardo Rivera-Rojas (Mexico), Guiber Torres-Escobar (Honduras), and Manuel Tzuc-Tzep (Guatemala) are all noncitizens living in the United States. [ECF No. 1 ¶¶ 14–23]. Petitioners were all arrested at times between January 16 and February 22, 2026. *Id.* All Petitioners are now currently detained at South Central Regional Jail in Charleston, WV. *Id.* ¶ 8.

Petitioners assert that their continued detention without a hearing or custody determination violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act,

the Administrative Procedures Act, the Equal Protection Clause of the Fifth Amendment, and the Suspension Clause. *Id.* ¶ 37–68. Petitioners ask the court to enjoin Respondents from removing them from the district, order Respondents to immediately release them, and declare that Petitioners' continued detention violates the immigration code and Constitution. *Id.* at 21-22.

### I. MOTION TO EXPEDITE

Pending before the court is the Petitioners' Motion to Expedite and schedule a show cause hearing, [ECF No. 2]. By statute the court must quickly resolve this matter:

> A court, justice or judge entertaining an application for a writ of habeas corpus *shall forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243 (emphasis added). *See also* 28 U.S.C. § 1651 (All Writs Act); *Gonzalez-Pablo v. Mason*, 788 F. Supp. 3d 759 (S.D. W. Va. 2025) (Goodwin, J.); *Larrazabal-Gonzalez v. Mason*, No. 2:26-cv-00049, 2026 WL 221706 (S.D. W. Va. Jan. 28, 2026) (Goodwin, J.).

Accordingly, the Expedited Motion, [ECF No. 2], is **GRANTED**. It is **ORDERED** that this case shall proceed as follows:

(1) Respondents **shall not remove or facilitate the removal** of Petitioners from the Southern District of West Virginia pending further order of the court;

(2) Respondents shall file a written response to this Order on why the Petition for Writ of Habeas Corpus should not be granted by **February 27, 2026, at 2:00 p.m.;**

(3) Petitioners shall file a reply by **February 28, 2026;**

(4) Counsel **SHALL NOTIFY** the court as soon as possible whether the case raises materially distinct factual circumstances or legal arguments from the other cases this court has already considered and whether a hearing is requested or waived. Depending on the parties' representations to the court, a hearing will be scheduled.

(5) Counsel for Petitioners shall ensure that Respondents are **IMMEDIATELY** served with the Petition, [ECF No. 1], the Motion for a Show Cause Hearing [ECF No. 2], and this Order to Show Cause.

## II.   SEVERANCE

I note the extraordinary nature of this Petition: *ten* Petitioners—all noncitizens, living in the United States, allegedly detained contrary to settled law in this district[1]—are sitting in the local jail. And while the nature of their continued detention may be similar, the circumstances of their stop and arrest; family and community ties; employment records; criminal history; and immigration status may all be different. In this Petition alone, ten Petitioners are from **three** different countries, currently reside in **three** different states (but not the same cities in each state), and were arrested on **five** different dates. [ECF No. 1, ¶¶ 14–23]. Some Petitioners were travelling and then arrested together, others were alone when they were detained by ICE. *Id.*

Considering the different circumstances of each Petitioner, it is in the interest of justice, clarity, and diligence that these cases be separated from each other. Accordingly, the court **ORDERS** that this case be **SEVERED**.[2] Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Because the Petitioners all assert the same claims against the same Respondents and because the Petition contains sufficient factual information for each individual Petitioner, the Verified Petition, [ECF No. 1], shall serve as the Petition for Writ of Habeas Corpus in each case.

---

[1] *Aroca v. Mason*, --- F. Supp. 3d ---, 2026 WL 357872, at *7–17 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.); *Solano v. Mason*, No. 2:26-cv-00045, --- F. Supp. 3d ---, 2026 WL 311624, *5–19 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.); *Mehari v. Mason*, No. 2:26-cv-00039, 2026 WL 316034, at *3 (S.D. W. Va. Feb. 5, 2026) (Johnston, J.); *Gonzalez v. Aldridge*, No. 3:26-cv-00055, 2026 WL 313476, at *2–6 (S.D. W. Va. Feb. 5, 2026) (Chambers, J.); *Uulu v. Aldridge*, No. 3:26-cv-00073, 2026 WL 401200, at *2–5 (S.D. W. Va. Feb. 12, 2026) (Chambers, J.); *Umarov v. Mason*, No. 2:26-cv-00081, 2026 WL 381614, at *2–8 (S.D. W. Va. Feb. 11, 2026) (Berger, J.); *Abdugafforov v. Mason*, No. 2:26-cv-00092, 2026 WL 474000, at *2–4 (S.D. W. Va. Feb. 19, 2026) (Goodwin, J.); *Uulu v. Mason,* No. 2:26-cv-00074, 2026 WL 475127, at *2–4 (S.D. W. Va. Feb. 19, 2026) (Goodwin, J.).

[2] *Mayo v. Walker*, No. 1:22-cv-5810 (LTS), 2022 WL 3030475, at *2–3 (S.D.N.Y. July 29, 2022) (severing an 11-petitioner habeas corpus petition into eleven separate cases because of the "realities of managing this litigation while the 11 petitioners are incarcerated" for one of four given reasons). *But see Pablo Sequen v. Kaiser*, --- F. Supp. 3d ---, 2025 WL 3275602, at *4 (N.D. Cal. Nov. 24, 2025) (noting that while there is no "specific statute or rule establishing a per se prohibition on joinder of multiple habeas petitions in one action" California district courts have "differing views on the propriety of joinder in habeas cases.").

The Clerk is **DIRECTED** to docket the Verified Petition, [ECF No. 1], in nine new cases for each of the named Petitioners (excluding the first named Petitioner Sergio Cruz-Choc who will be the sole petitioner in this case, 2:26-cv-136). The Clerk is further **DIRECTED** to docket the Expedited Motion, [ECF No. 2], and this Order in the new nine cases. This Order, requiring responses to the Petition, directing Petitioners to serve Respondents, and ordering the parties to notify the court, shall be in effect in every case.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel, any unrepresented party, and the United States Attorney's Office for the Southern District of West Virginia.

ENTER:   February 24, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE